UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ARNOLD,

    Plaintiff,                                     CASE NO.:

-vs-

CHARTER COMMUNICATIONS, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, CHARTER COMMUNICATIONS, INC., ("CHARTER"), by and through its attorneys of record, hereby files this Notice of Removal in the above-captioned matter, currently pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Removal is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and fees.

## BACKGROUND

1. On or around January 19, 2021, William Arnold filed the removed case, William Arnold v. Charter Communications, Inc., No. 2021-CA-473, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiff served the complaint on CHARTER on January 21, 2021.

2. Plaintiffs seeks judgment for damages resulting from a motor vehicle accident that occurred on January 31, 2020. Plaintiff alleges he has suffered permanent injury, physical and mental pain and suffering; disability, physical impairment, disfigurement, mental anguish, medical

and hospital bills and treatment in the past and into the indefinite future; loss of earnings; loss of ability to earn money; loss of capacity for the enjoyment of life.

3. In accordance with Local Rule 4.02(b) and pursuant to 28 U.S.C. § 14469(a), true and legible copies of all papers on file with the state court are attached hereto as Exhibit "1." The Plaintiff's Complaint along with service documents; CHARTER'S Answer and Affirmative Defenses to Plaintiff's Complaint and Designations of Email.

4. Pursuant to 28 U.S.C § 1446(d), CHARTER is serving written notice of the removal of this case on Plaintiffs' Counsel, and a copy will be promptly filed with the Clerk on the Thirteenth Judicial Circuit in Hillsborough County, Florida.

5. Nothing in this Notice shall constitute a waiver of CHARTER'S right to assert any defense, including a motion to dismiss, as the case progresses.

## **VENUE**

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## **REMOVAL IS TIMELY**

7. The removal is timely under 28 U.S.C. § 1446(b). Plaintiff filed his Complaint on January 19, 2021. Plaintiff served the Complaint on CHARTER on January 21, 2020. See Ex 1. Defendants filed this Notice of Removal within thirty (30) days of service, as required by law. *See, e.g., Murphy Bros, Inc v. Michetti Stringing, Inc.,* 526 U.S. 344, 347-48 (1999). Accordingly, removal is timely as it falls within this thirty-day period.

**BASIS FOR REMOVAL JURISDICTION**

8. First, the parties are minimally diverse, i.e., there is diversity between the Plaintiff and at least one Defendant.

9. As set forth in paragraph 2 of Plaintiff's Complaint, the Plaintiff is a Florida Resident and thus the Plaintiff is a citizen of Florida. *See Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"); State Farm Mut. Auto Ins. Co v. Dyer, 19 F.3d 514, 520 (10th Cir 1994) (residence prima facie evidence of domicile for purposes of determining citizenship).

10. A corporation is a citizen of the state in which it has been incorporated and where it has its principle place of business. 28 U.S.C. § 1332(c)(1). CHARTER is a corporation incorporated in Delaware organized under the laws of Delaware with a principal place of business and Principle Executive Offices in Connecticut.

11. Because plaintiff is a citizen of Florida, and CHARTER is not a citizen of Florida, the parties are minimally diverse.

12. Second, the amount in controversy exceeds $75,000. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions". *See Dart Cherokee Basin Operating Co., LLC v. Owens Eyeglasses* 574 U.S. 81 (2014). When a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a

preponderance of the evidence, whether the amount- in- controversy requirement has been satisfied" *Id*.

13. As to the particular amount in controversy, Plaintiff's Complaint alleges his action exceeds the sum of thirty thousand dollars ($30,000) and entered the amount of $30,001 in the civil cover sheet for the "estimated amount of the claim" to satisfy jurisdictional purposes per the Florida Supreme Court. However, Plaintiff has made a demand for settlement of $2,500,000 and provided defense counsel with medical records showing that plaintiff underwent treatments that exceed $119,115.20 in cost. Plaintiff also alleges that he has been enduring pain and suffering since the date of the incident and that his damages are "permanent" and "continuing" and has placed a daily value on his pain and suffering at $160.00 per day for the rest of his lifetime which plaintiff estimates at 44 years.

14. Therefore, based on the allegations made in the Complaint and the discovery provided by Plaintiff, the amount in controversy clearly exceeds the jurisdictional minimum.

## CONCLUSION

15. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, CHARTER hereby removes the above-captioned matter from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record: Shaughn C. Hill, Esquire, Morgan & Morgan Tampa, P.A., 201 N. Franklin Street, 7th

Floor, schpleadings@forthepeople.com; shill@forthepeople.com this 19th day of February, 2021.

                                    **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**

                                    */s/ Daniel S. Liebowitz*
**DANIEL S. LIEBOWITZ, ESQUIRE**
Florida Bar No.:  155918
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 730-3535
Facsimile:  (407)730-3540
Email: FLCourtFilings@cmlawfirm.com
*Trial Counsel for Defendant, Charter Communications, Inc.*